UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KELLY B. VANCIL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:18-CV-55 NAB |
| ANDREW M. SAUL[1], Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Kelly B. Vancil's appeal regarding the denial of disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will reverse and remand the Commissioner's decision.

**Issues for Review**

Vancil presents two issues for review. First, she asserts that the administrative law judge ("ALJ") failed to find migraine headaches a severe impairment and did not properly evaluate the effects of insomnia and migraine headaches when determining the residual functional capacity

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

("RFC"). Second, Vancil asserts that the ALJ's RFC determination failed to consider evidence that indicated that she was limited to occasional handling and fingering and evidence regarding the effects of fatigue on the RFC determination. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

**Standard of Review**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v.*

*Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003).

## Discussion

### Severe Impairment

The first issue is whether substantial evidence supports the ALJ's finding that Vancil's migraine headaches were not a severe impairment. After the ALJ has determined that a claimant is not engaged in substantial gainful activity, the ALJ then determines whether the claimant has a severe impairment or combination of impairments that has or is expected to last twelve months or

will result in death. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(i)-(ii)[2]. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. § 404.1508. To be considered severe, an impairment must *significantly* limit a claimant's ability to do basic work activities. *See* 20 C.F.R § 404.1520(c). "Step two [of the five-step] evaluation states that a claimant is not disabled if his impairments are not severe." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Simmons v. Massanari,* 264 F.3d 751, 754 (8th Cir. 2001)). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* at 707. "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007)). "It is the claimant's burden to establish that his impairment or combination of impairments are severe." *Kirby*, 500 F.3d at 707 (citing *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000)). "Severity is not an onerous requirement for the claimant to meet, . . . but it is also not a toothless standard." *Kirby*, 500 F.3d at 708.

The ALJ found that Vancil had the severe impairments of psoriatic arthritis, osteoarthritis, degenerative disc disease, carpal tunnel syndrome, fibromyalgia, mood disorder not otherwise specified, anxiety, and major depression. (Tr. 23.) The ALJ found that Vancil's multiple sclerosis, irritable bowel syndrome, nonalcoholic steatohepatitis, and headaches were non-severe. (Tr. 23-24.) Regarding Vancil's headaches, the ALJ stated, "the record reflects that the claimant has headaches but the record is ambiguous as to their cause so the claimant's headaches have been considered as a combined result of the claimant's severe impairments." (Tr. 24.)

---

[2] Many Social Security regulations were amended effective March 27, 2017. Per 20 C.F.R. §§ 404.614, 404.1527, the court will use the regulations in effect at the time that this claim was filed.

Based on evidence in the record as a whole, the Court holds that the ALJ's finding is not supported by substantial evidence. The Court has been unable to locate any legal authority and the parties have not presented any legal authority that the ALJ can reject a medically determinable impairment as severe based solely on the fact that the cause of the impairment is ambiguous. "Because migraines constitute a subjective complaint, objective evidence conclusively showing whether a person suffers from them is impossible to find." *Carrier v. Berryhill*, CIV-1-5086-JLV, 2017 WL 885019 at *5 (D.S.D. Mar. 6, 2017) (citing *Carlson v. Astrue*, Civil NO. 09-2547, 2010 WL 5113808 at *12 (D. Minn. Nov. 8, 2010)). "Rather than using laboratory tests looking for direct medical evidence, doctors diagnose migraines through medical signs and symptoms such as nausea, vomiting, and photophobia." *Carrier*, at *5. An ALJ cannot "reject [a claimant's] statements about the intensity and persistence of [his or her] pain or other symptoms or about the [effect] symptoms have on [the claimant's] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R. § 404.1529(c). There is no dispute that Vancil actually suffers from migraine headaches, because her doctors have diagnosed her with this condition and continue to prescribe medication for treatment. "An ALJ may discount a claimant's allegations if there is evidence that a claimant was a malingerer or was exaggerating symptoms for financial gain." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). There is no evidence in the record that Vancil was accused by any provider of malingering or exaggerating her symptoms.

Several cases in this district have found similar errors harmless stating, "Where an ALJ errs by failing to find an impairment to be severe, such error is harmless if the ALJ finds the claimant to suffer from another severe impairment, continues in the evaluation process, and

considers the effects of the impairment at the other steps of the process." *DeGroot v. Berryhill*, 1:17-CV-202 ACL, 2019 WL 1316964 at *7 (E.D. Mo. March 22, 2019) (affirm); *see also Weed v. Saul*, 4:18-CV-1192 SPM, 2019 WL 4451259 at *4 (Sept. 17, 2019) (affirm); *Coleman v. Astrue*, 4:11-CV-2131 CDP, 2013 WL 665084 at *10 (Feb. 25, 2013) (reverse). The Commissioner contends that the ALJ considered Vancil's headaches, but the record did not support the limitations she alleged were caused by her headaches. The ALJ discussed Vancil's testimony about her migraines and the treatment for the migraine headaches in the record. (Tr. 27-29.) It is unclear from the ALJ's opinion that he considered any effects of her headaches in the RFC. Because of the ALJ's confusing language in step two and no indication that the effects of the headaches were included in the RFC determination, the Court does not find that substantial evidence supports the ALJ's finding that the migraine headaches were not a severe impairment. The Court will reverse and remand this action for the ALJ to properly evaluate whether Vancil's headaches meet the requirement for a severe impairment at step two.

**RFC Determination**

Next, Vancil contends that the ALJ's RFC finding that she could frequently handle or finger is not supported by substantial evidence, because she can at most occasionally handle or finger. The vocational expert testified that a person who is limited to occasional handling and fingering could not perform the jobs of housekeeper/maid, mail clerk, and injection molder that were listed at step five of the sequential evaluation. These jobs require fingering and handling from 1/3 to 2/3 of the time working[3]. The Commissioner asserts that Vancil is requesting the Court to re-weigh the evidence, which is not appropriate on administrative review by the Court.

---

[3] *See* Dictionary of Occupational Titles ("DICOT") 209.687-026 Mail Clerk, 1991 WL 671813(Fourth Edition, Revised 1991), DICOT 323.687-014 Cleaner, Housekeeping, 1991 WL 672783 (Fourth Edition, Revised 1991); DICOT 556.685-038, 1991 WL 683482 (Fourth Edition, Revised 1991).

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[4] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907.

The ALJ determined that Vancil had the RFC to perform light work with the following restrictions: (1) never climb ladders, ropes, or scaffolds; (2) occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl; (3) frequently reach, handle, or finger; (4) avoid hazards such as dangerous machinery and unprotected heights; and (5) perform simple and routine tasks throughout the workday in a non-public work setting where the individual will not be around members of the general public or required to communicate with them on behalf of the employer. (Tr. 26.)

Based on a review of the record as a whole, the Court finds that the ALJ's finding regarding handling and fingering is not supported by substantial evidence. Although the ALJ made few comments in the opinion specifically regarding Vancil's use of her hands, the Commissioner cites to the stability of Vancil's arthritis treatment at times and her activities of daily living including her 2 hours per day job to support the ALJ's RFC determination.

It is possible for a person's health to improve, and for the person to remain too disabled to work." *Cox v. Barnhart*, 345 F.3d 606, 609 (8th Cir. 2003). "[D]oing well for the purposes of a

---

[4] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity." *Hutshell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). *See e.g., Gude v. Sullivan*, 956 F.2d 791, 794 (8th Cir. 1992) (claimant doing well for someone with systemic lupus erythematosus and it does not contradict doctor's opinion on her inability to work); *Fleshman v. Sullivan*, 933 F.2d 674, 676 (8th Cir. 1991) (A person who has undergone a kidney transplant may indeed "feel better" than she did when she was undergoing dialysis, but that does not compel the conclusion that she was therefore able to work).

To determine whether a claimant has the residual functional capacity necessary to be able to work the Court looks to whether he has "the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *Forehand v. Barnhart*, 364 F.3d 984, 988 (8th Cir. 2004) (citing *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc)). Working for two hours per day whenever she wanted within a twenty-four hour period is not comparable to working a full time job eight hours a day for five days a week. None of the instances cited by the Commissioner's brief indicate Vancil's ability to work at a job, specifically one requiring frequent handling and fingering, day in and day out. "The presumption that a claimant is not disabled merely because the claimant had a lenient employer, a high tolerance for pain, or no other means of support would unfairly shift the burden of proof back onto the claimant at a point in the proceedings when the burden rightfully belongs on the Commissioner." *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Moreover, as the ALJ noted in his opinion, Vancil has a long work history with excellent earnings, which supports her contention that except for her impairments, she would be working.

This evidence viewed in conjunction with the other evidence in the record as a whole demonstrates that the ALJ's RFC finding is not supported by substantial evidence.

Because there is limited evidence in the record regarding Vancil's ability to finger and handle at a regular job day in and day out, the Court will reverse and remand for the ALJ to obtain additional evidence, including a consultative examination. Then, the ALJ should prepare a new RFC determination considering all of the limitations caused by Vancil's impairments.

## CONCLUSION

The Court finds that the Commissioner's decision is not supported by substantial evidence on the record as a whole. The Court is aware that upon remand, the ALJ's decision as to non-disability may not change after addressing the deficiencies noted herein, but the determination is one the Commissioner must make in the first instance. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the case for further administrative proceedings); *Leeper v. Colvin*, No. 4:13-CV-367 ACL, 2014 WL 4713280 at *11 (E.D. Mo. Sept. 22, 2014) (ALJ duty to make disability determination). Because Vancil first applied for benefits for this claim in 2014, and it is now 2019, the Commissioner is urged to begin proceedings without delay and resolve this case as soon as possible.

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Vancil seeks in her Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 18.]

**IT IS FURTHER ORDERED** that the ALJ's decision of November 17, 2016 is **REVERSED** and **REMANDED**.

**IT IS FURTHER ORDERED** that the ALJ shall re-evaluate whether Vancil's migraine headaches are a severe impairment at step two.

**IT IS FURTHER ORDERED** that the ALJ shall order a consultative examination regarding Vancil's impairments, including specifically the abilities of handling and fingering, and produce a new residual functional capacity determination that addresses the limitations caused by all of Vancil's impairments.

                                                  NANNETTE A. BAKER
                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2019.